

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2005

# Viggiano v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Viggiano v. New Jersey" (2005). *2005 Decisions.* Paper 971.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/971

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-188                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3625
_____

MICHAEL VIGGIANO,
Appellant

v.

STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT
OF CORRECTIONS; CHARLES MORRIS; STEVEN PARKELL;
GEORGE BLASKEWICZ

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 99-cv-02630)
District Judge: William J. Martini
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2005

Before:    Alito, McKee and Ambro, <u>Circuit</u> <u>Judges</u>

(Filed:  June 23, 2005)
_____

OPINION
_____

PER CURIAM

Michael Viggiano appeals <u>pro</u> <u>se</u> the order of the United States District Court for

the District of New Jersey granting summary judgment to the State of New Jersey, the

New Jersey Department of Corrections ("DOC"), Charles Morris, Steven Parkell, and George Blaskewicz (collectively, "defendants") in his employment discrimination action. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's order. See Third Circuit LAR 27.4 and I.O.P. 10.6.

As we write for the parties, we need only review the pertinent facts and procedural history of the underlying matter. Viggiano was hired as a corrections officer by the DOC in 1983. In January 1997, Viggiano, along with seventeen other DOC employees, filed a charge of national origin discrimination with the Equal Employment Opportunity Commission ("EEOC"). The January 1997 charge alleged that the DOC discriminated against Italian-Americans by using the term "WOP" as an acronym to describe "leave without pay." The parties entered into a settlement agreement on May 20, 1997, which provided, *inter alia*, that the DOC would remove the term "WOP" from its documents and administrative system, not tolerate the use of the term in the workplace, and not discriminate or retaliate against Viggiano because of the filing of the charge or his national origin.

In September 1997, Viggiano filed additional charges with the EEOC alleging retaliation and national origin discrimination. In February and September 1999, the EEOC issued two determinations in which it found "reason to believe" that violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") had occurred.

On June 8, 1999, Viggiano filed the underlying counseled complaint in the District Court. In his complaint, Viggiano alleged that the defendants retaliated against him in violation of Title VII after he engaged in protected activity, and discriminated against him because of his national origin in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 et seq. While his complaint was pending in the District Court, the DOC Special Investigations Division ("SID") concluded that Viggiano had accepted and used the legal services of an inmate, George Riley, in violation of the Law Enforcement Personnel Rules and Regulations.[1] As a result, Viggiano was terminated effective February 2, 2000.

On August 18, 2004, the District Court granted the defendants' motion for summary judgment in the underlying case.[2] Viggiano timely appealed. Viggiano has been granted leave to proceed in forma pauperis and has filed a motion for appointment of counsel.

---

[1] A total of six officers were charged with undue familiarity with an inmate stemming from the SID's investigation. One other officer had been a party to the January 1997 EEOC charge. The remaining four officers are African-American.

[2] In the meantime, Viggiano and twenty-three other DOC employees filed a complaint in the District Court for the District of New Jersey alleging that the DOC's continued use of the acronym "WOP" violated Title VII. See Decibus, et al. v. State of New Jersey Department of Corrections, et al., D. NJ. 00-cv-03261. The plaintiffs subsequently amended their complaint to allege that they were subjected to a hostile work environment in violation of Title VII and the NJLAD. In June 2001, the District Court dismissed the amended complaint without prejudice, and the plaintiffs' motion for reconsideration was subsequently denied. This Court dismissed the plaintiffs' appeal for failure to prosecute in November 2003. See C.A. No. 03-2981.

3

We exercise plenary review of an order granting summary judgment. See McLeod v. Hartford Life & Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

To establish a *prima facie* case of unlawful retaliation under Title VII, a plaintiff must show that: (1) he engaged in protected activity; (2) the employer took an adverse employment action against him; and (3) a causal link exists between the protected activity and the adverse employment action. See Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997). If the plaintiff establishes a *prima facie* case of retaliation, the employer must come forward with a legitimate, non-retaliatory reason for the adverse employment action. See Woodson v. Scott Paper Co., 109 F.3d 913, 920 & n. 2 (3d Cir. 1997). If the employer is able to meet this burden, then the plaintiff must demonstrate that the proffered reason was merely a pretext for unlawful retaliation. See id. Here, the District Court concluded that Viggiano established a *prima facie* case of retaliation, but that he

4

failed to show that the defendants' proffered reasons for its actions were a pretext for unlawful retaliation.

Title VII prohibits action which would "deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee." 42 U.S.C. § 2000e-2(a). Retaliatory conduct other than discharge or refusal to hire is proscribed by Title VII "only if it alters the employee's compensation, terms, conditions, or privileges of employment, deprives him . . . of employment opportunities, or adversely affects his status as an employee." Robinson, 120 F.3d at 1300 (internal quotations omitted). In short, not everything that makes an employee unhappy qualifies as retaliation. See id.

Viggiano alleged in the District Court that the defendants retaliated against him by: verbally reprimanding him for wearing an improper belt; ordering him to wear a protective vest which exacerbated a skin condition;[3] denying him time off for personal and medical reasons; verbally reprimanding him in front of other officers; disciplining him for failing to call off duty; and terminating his employment. Although the District Court seemed to find otherwise, we conclude that Viggiano failed to establish how, with the exception of his termination, these alleged "retaliatory" acts effected the terms or conditions of his employment. See Weston, 251 F.3d at 431; Robinson, 120 F.3d at 1301.

---

[3] Viggiano, however, conceded at his deposition that, although he was being fitted for the vest at the time of his termination, he was never actually required to wear it. Viggiano Dep. at 124.

5

Viggiano has not alleged that he was demoted, had his work schedule changed, was reassigned to a different position or location within the DOC, had his hours changed or altered, or was denied a pay raise or promotion as a result of the defendants' alleged actions. See Weston, 251 F.3d at 431. We cannot, therefore, characterize these alleged incidents as adverse employment actions. As such, we will focus only on whether the defendants retaliated against Viggiano when they terminated his employment in February 2000.

Assuming *arguendo* that Viggiano established a *prima facie* case of retaliation as to his February 2000 termination, the District Court properly granted summary judgment to the defendants on this claim. The defendants asserted that they terminated Viggiano's employment because he engaged in unduly familiar activities with an inmate and they introduced ample evidence in the District Court to support this assertion, including the report and supplementary report detailing the SID's investigation and Hearing Officer Mary Wirth's report sustaining Viggiano's termination. Moreover, for the reasons fully discussed by the District Court, Viggiano failed to demonstrate that this reason was actually a pretext for retaliation. See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994) (concluding that to survive summary judgment a plaintiff must produce evidence which either discredits an employer's articulated reason or shows that retaliation was more likely than not a motivating or determinative cause of the employer's action). Thus, the District Court did not err in granting summary judgment to the defendants on Viggiano's

6

retaliation claim.

Likewise, the District Court did not err in granting summary judgment to the defendants on Viggiano's claim of national origin discrimination.[4] The NJLAD makes it unlawful for an employer to discriminate against an employee because of his national origin. See N.J.S.A. § 10:5-1(a). In analyzing claims under the NJLAD, courts apply the familiar burden-shifting framework articulated by the Supreme Court in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). See Erikson v. March & McLennan Co., Inc., 569 A.2d 793, 798-99 (N.J. 1990); Williams v. Pemberton Twp. Public Schools, 733 A.2d 571, 575-76 (N.J. Super. Ct. Div. 1999). To set forth a *prima facie* case of discriminatory discharge under the NJLAD, it was incumbent upon Viggiano to show that: (1) he is a member of a protected class; (2) he was qualified for the position from which he was discharged; and (3) others not in the protected class were treated more favorably. See McDonnell, 411 U.S. at 802. Here, the District Court assumed that Viggiano could establish a *prima facie* case of national origin discrimination, but granted the defendants summary judgment because he failed to raise a genuine issue of fact as to

---

[4] It appears as though Viggiano may have attempted to allege in the District Court a claim of hostile work environment under the NJLAD based upon the DOC's continued use of the term "WOP." The District Court did not address this claim. However, we note that Viggiano, represented by counsel, failed to develop this claim either factually or legally in the District Court. See, e.g., Lehman v. Toys 'R' Us, Inc., 626 A.2d 445, 453-54 (N.J. 1993) (it is *the plaintiff's burden* to establish that the complained-of conduct: (1) would not have occurred but for the employee's protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive).

7

whether their reason for terminating his employment was merely a pretext for discrimination. For the reasons already discussed herein and by the District Court, we agree that Viggiano failed to show that the defendants' legitimate, non-discriminatory reason for his termination (i.e., an internal investigation conclusion of undue familiarity with an inmate) was a pretext for discrimination.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. Viggiano's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).